UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIE J. ROBINSON,

    Petitioner,

v.                                                                   Case No. 2:11-cv-276
                                                                   HON. R. ALLAN EDGAR

TOM MACKIE,

    Respondent.

_____/

**MEMORANDUM AND ORDER**

**I.    Facts and Procedural History**

Petitioner Willie J. Robinson is a Michigan state prisoner in the custody of the Michigan Department of Corrections. He is currently imprisoned at the Kinross Correctional Facility.

After a jury trial Robinson was found guilty and convicted on August 23, 2002, in the Circuit Court of Wayne County, Michigan, on one count of first degree murder in violation of Michigan Compiled Laws (MCL) § 750.316 (Count 1), five counts of assault with intent to murder in violation of MCL § 750.83 (Counts 2-6), and one count of felony firearm (Count 7). The criminal case was styled *People of State of Michigan v. Willie James Robinson*, Case No. 02003922-01.

On September 17, 2002, the Wayne County Circuit Court entered the judgment of conviction and sentenced Robinson to life imprisonment on the first degree murder conviction (Count 1). On each of the five counts of assault with intent to murder (Counts 2-6), he was sentenced to a term of imprisonment ranging from a minimum of 18 years 9 months up to a maximum of 40 years. The trial court further ordered that the sentences on Counts 1-6 would all run concurrently with each other. With regard to his felony firearm conviction (Count 7), Robinson was sentenced to a term of

imprisonment of 2 years to run consecutively to the sentences imposed on Counts 1-6. [Court Doc. No. 1-1, p. 2].

Robinson filed an application for leave to appeal in the Michigan Court of Appeals which was denied on October 12, 2004. Robinson did not make an application for leave to appeal in the Michigan Supreme Court. At this juncture his direct appeal from the judgment of conviction was terminated. Robinson took no further action to pursue any post-conviction or habeas relief in either the Michigan state courts or federal courts for more than five years.

On July 22, 2011, the Clerk of this United States District Court received Robinson's initial petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The habeas petition was mailed on July 18, 2011. Applying the prisoner mailbox rule, the Court deems the habeas petition to have been filed on July 18, 2011. *Houston v. Lack*, 487 U.S. 266, 273 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Robinson subsequently filed an amended habeas petition using the correct, standard § 2254 form as ordered by this Court. [Court Doc. No. 8].

The case was referred to Magistrate Judge Timothy P. Greeley for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. LCivR 72.1(d). Magistrate Judge Greeley submits his report recommending that the habeas petition be denied and dismissed with prejudice on the ground that it is time-barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A). [Court Doc. No. 10]. The report and recommendation finds that Robinson has failed to raise equitable tolling or allege any facts that would warrant equitable tolling of the statute of limitations. It is further recommended that a certificate of appealablity be denied pursuant to 28 U.S.C. § 2253(c)(2) because reasonable jurists could not find it debatable whether the habeas petition is time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A). *Slack v. McDaniel*, 529

U.S. 473, 484 (2000).

Robinson objects to the report and recommendation. [Court Doc. No. 11].

**II.    Analysis**

After reviewing the record *de novo*, the Court concludes that Robinson's objections to the report and recommendation [Doc. No. 11] are without merit. The Court adopts the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b). The habeas petition must be denied and dismissed with prejudice on the ground that it is time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A). Robinson did not timely file his § 2254 habeas petition within the time limit required by the statute of limitations. Robinson has not met his burden of showing that he is entitled to equitable tolling. The Court amplifies and supplements the report and recommendation with regard to the actual innocence equitable tolling doctrine and the miscarriage of justice exception discussed *infra*.

**A.    First Objection**

Robinson contends that the report and recommendation does not address and analyze the claims or grounds for relief in his habeas petition concerning alleged jurisdictional defects in his Michigan criminal case. Robinson seeks to circumvent and evade the statute of limitations, 28 U.S.C. § 2244(d)(1)(A), by arguing that the Michigan courts lacked jurisdiction to "invoke the criminal process," conduct the trial, and enter the judgment of conviction against him.

In his amended habeas petition [Court Doc. No. 8], Robinson pleads two claims or grounds for relief based solely upon alleged errors of law. First, Robinson claims that he was denied due process of law in violation of the Fourteenth Amendment to the United States Constitution. The first claim is predicated on the theory that the Michigan courts lacked jurisdiction to "invoke the criminal

process" and convict Robinson of first degree murder in violation of MCL § 750.316. Robinson contends MCL § 750.316 is unconstitutional in that the statute is alleged to have been illegally modified or revised in 1969 contrary to and in violation of the Michigan Constitution of 1963. In short, Robinson asserts that his criminal prosecution and conviction for first degree murder under MCL § 750.316 are *void ab initio*.

Second, Robinson claims that he was denied due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution. The second claim is predicated on the theory that the Michigan courts lacked jurisdiction to "invoke the criminal process" and convict Robinson of both first degree under MCL § 750.316 (Count 1) and assault with intent to murder under MCL § 750.83 (Counts 2-6) because it amounted to double jeopardy. He seeks to invoke the Double Jeopardy Clause in the Fifth Amendment to the United States Constitution. Robinson asserts that first degree murder under MCL § 750.316 has the exact same elements as assault with intent to murder under MCL § 750.83.

Because this Court is dismissing the 28 U.S.C. § 2254 habeas petition on the ground that it is time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A), it is unnecessary for the Court to reach and address these two habeas claims on the merits. The Court only summarizes Robinson's habeas claims to put his habeas petition into context, and to facilitate a discussion of the actual innocence equitable tolling doctrine and miscarriage of justice exception.

It is argued by Robinson that he is entitled to habeas relief under 28 U.S.C. § 2254 on the theory that there were fundamental defects in the Michigan criminal proceedings which resulted in a complete miscarriage of justice. He relies on *Davis v. United States*, 417 U.S. 333 (1974) and *Hill v. United States*, 368 U.S. 424, 428 (1962). Robinson asserts that the two claims or grounds for

4

relief set forth in his amended habeas petition constitute "exceptional circumstances" which warrant "relaxing" or not enforcing the statute of limitations, 28 U.S.C. § 2244(d)(1)(A).

Robinson does not explicitly claim actual innocence. He does not go so far as to use the words "actual innocence." However, when Robinson contends that the Michigan courts lacked jurisdiction to conduct the trial and enter the judgment of conviction, and further argues that his entire criminal prosecution and conviction for first degree murder under MCL § 750.316 are *void ab initio*, he is in effect making a claim of actual innocence. Robinson's first objection to the report and recommendation is construed as raising an argument that he is entitled to equitable tolling of the statute of limitations under the actual innocence equitable tolling doctrine recognized by the Sixth Circuit in *Souter v. Jones*, 395 F.3d 577, 589-90 (2005).

The Court concludes that Robinson's first objection fails for the following reasons.

### 1. Doctrine of Actual Innocence Equitable Tolling

The statute of limitations in 28 U.S.C. § 2244(d)(1) is not jurisdictional and it is subject to equitable tolling. *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009); *Connolly v. Howes*, 304 Fed. Appx. 412, 417 (6th Cir. 2008); *McSwain v. Davis,* 287 Fed. Appx. 450, 455 (6th Cir. 2008); *Harvey v. Jones,* 179 Fed. Appx. 294, 297 (6th Cir. 2006); *Souter*, 395 F.3d at 588; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). The Sixth Circuit cautions that equitable tolling relief should be granted sparingly. *Connolly*, 304 Fed. Appx. at 417; *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002). Robinson bears the burden of demonstrating that he is entitled to equitable tolling. *Connolly*, 304 Fed. Appx. at 417; *McSwain,* 287 Fed. Appx. at 455; *Jagodka v. Lafler,* 148 Fed. Appx. 345, 347 (6th Cir. July 27, 2005); *Allen*, 366 F.3d at 401; *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

The statute of limitations in 28 U.S.C. § 2244(d)(1) may be equitably tolled when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence. *Connolly*, 304 Fed. Appx. at 417; *McSwain,* 287 Fed. Appx. at 458-59; *Knickerbocker v. Wolfenbarger*, 212 Fed. Appx. 426, 431-32 (6th Cir. 2007); *Harvey,* 179 Fed. Appx. at 297-98; *Souter*, 395 F.3d at 589-90; *Alexander v. Metrish*, 2007 WL 542010, at ** 8-10 (W.D. Mich. Feb. 16, 2007). There is a stringent standard for establishing a credible claim of actual innocence. Actual innocence means factual innocence, not mere legal insufficiency or legal innocence. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Connolly*, 304 Fed. Appx. at 417; *Harvey,* 179 Fed. Appx. at 299; *Souter*, 395 F.3d at 590.

To make out a credible claim of actual innocence, Robinson is required to support his allegations of federal constitutional error with new reliable evidence – exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was unknown or unavailable at the time of his trial. *Schlup*, 513 U.S. at 324; *Connolly*, 304 Fed. Appx. at 417; *Knickerbocker*, 212 Fed. Appx. at 431; *Souter*, 395 F.3d at 590. Without any new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a habeas claim that is time-barred by the statute of limitations. *Schlup*, 513 U.S. at 316; *Connolly*, 304 Fed. Appx. at 417; *Nelloms v. Jackson,* 129 Fed. Appx. 933, 937 (6th Cir. 2005). The actual innocence equitable tolling exception is rare and may only be applied in extraordinary cases involving factual innocence. *Schlup*, 513

U.S. at 321; *Knickerbocker*, 212 Fed. Appx. at 431; *Souter*, 395 F.3d at 590.

If a habeas petitioner is able to present new reliable, exculpatory evidence to support a credible claim of actual innocence based on the facts, the Court must consider all of the old and new evidence, both incriminating and exculpatory evidence, without regard to whether it would necessarily be admissible under the rules of evidence that would govern at a trial but with due regard to any unreliability of it. Based on the total record of old and new reliable evidence, the Court must determine what an objectively reasonable and properly instructed jury would probably decide at trial. The habeas petitioner's burden at this gateway stage is to demonstrate that in light of the new reliable evidence and facts, it is more likely than not that no reasonable jury would find him guilty beyond a reasonable doubt. *Bousley,* 523 U.S. at 623; *Schlup*, 513 U.S. at 327; *Connolly*, 304 Fed. Appx. at 417; *Ross v. Berghuis,* 417 Fed. Appx. 552, 556 (6th Cir. 2005); *Knickerbocker*, 212 Fed. Appx. at 431; *Souter*, 395 F.3d at 590, 598-99.

This Court concludes that Robinson has not met his burden of showing that he has a credible claim of actual innocence. Robinson is required to present new reliable evidence and facts that raise a sufficient doubt about his guilt to undermine confidence in the outcome of the criminal proceeding in the Michigan courts. *Schlup*, 513 U.S. at 317; *Souter*, 395 F.3d at 590; *Alexander*, 2007 WL 542010, at * 9. This he has failed to do. Robinson is not entitled to equitable tolling of the statute of limitations in this 28 U.S.C. § 2254 habeas proceeding because he has not met his burden of showing that he has a credible claim of actual innocence based on new reliable evidence – exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was unknown or unavailable at the time of his trial. Robinson

7

cannot obtain equitable tolling without submitting any new reliable evidence showing that he is factually innocent.

Robinson does not contend that he is factually innocent. He only claims that he is legally innocent based on his contention that the Michigan courts lacked jurisdiction. His claims of legal innocence do not fit within the actual innocence equitable tolling doctrine recognized by the Sixth Circuit in *Souter*. The facts and evidence in Robinson's underlying criminal case and trial have not changed. Robinson does not offer any new reliable evidence in an effort to show that he did not commit the criminal acts and conduct for which he was indicted and now stands convicted. There is no claim by Robinson that he did not commit the acts and conduct giving rise to his conviction and sentence of imprisonment.

Rather, Robinson's actual innocence claim is based entirely on purely legal arguments concerning: (1) the legislative history of M.C.L. § 750.316, and the proper interpretation and application of the Michigan Constitution of 1963; and (2) his interpretation of the Double Jeopardy Clause in the Fifth Amendment to the United States Constitution and whether first degree murder under MCL § 750.316 has the same elements as assault with intent to murder under MCL § 750.83 for purposes of double jeopardy analysis. This falls short of what is required to make out a credible claim of actual (factual) innocence. Where a habeas petitioner asserts an actual innocence claim based solely on his interpretation of the law, the *Souter* actual innocence equitable tolling doctrine does not apply. *Craig v. White,* 227 Fed. Appx. 480, 481 (6th Cir. 2007); *Harvey,* 179 Fed. Appx. 298-99; *Ross,* 417 Fed. Appx. at 555; *Cable v. Woods*, 2010 WL 502722, * 4 (W.D. Mich. Feb. 5, 2010).

2. **<u>Miscarriage of Justice Exception: Actual Innocence</u>**

Robinson next argues that the Court should apply the "miscarriage of justice" exception which he contends permits federal courts to grant relief habeas claims under 28 U.S.C. § 2254 that are time-barred by the statute of limitations. The Court rejects this argument. Robinson misunderstands the narrow scope of the miscarriage of justice exception. It is not applicable in the present case because Robinson does not have a credible claim of actual (factual) innocence.

The term "miscarriage of justice" refers to the conviction of an actually (factually) innocent person, as compared to a person who merely claims legal innocence. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Schlup*, 513 U.S. at 316; *Sawyer v. Whitley*, 505 U.S. 333 (1992); *Murray v. Carrier*, 477 U.S. 478 (1986); *Beach v. Moore*, 343 Fed. Appx. 7, 12-13 n. 4 (6th Cir. 2009); *Cable*, 2010 WL 502722 at * 5. Under the miscarriage of justice exception, the Court may consider an otherwise defaulted or time-barred habeas claim if the habeas petitioner submits new reliable evidence showing that a federal constitutional violation has probably resulted in the conviction of one who is actually innocent. *Schlup*, 513 U.S. at 326-30; *Jells v. Mitchell*, 538 F.3d 478, 489 (6th Cir. 2008); *Cable*, 2010 WL 502722 at * 5.

In this 28 U.S.C. § 2254 habeas proceeding, the only way for Robinson to establish a miscarriage of justice and obtain equitable tolling of the statute of limitations is to make out a credible claim of actual innocence based on new reliable evidence which he has failed to do. *See Cable*, 2010 WL 502722 at * 5. Because Robinson does not have a credible claim of actual (factual) innocence based on new reliable evidence, he cannot invoke the *Schlup* miscarriage of justice exception. Without a credible claim of actual innocence, the dismissal of Robinson's

8

habeas petition on the ground it is time-barred by the statute of limitations does not result in a miscarriage of justice. *Owens v. Stine*, 27 Fed. Appx. 351, 353-54 (6th Cir. 2001); *Saylor v. Mack*, 27 Fed. Appx. 321, 323 (6th Cir. 2001); *Duffy v. Collins*, 230 F.3d 1358 (Table, text in 2000 WL 1477226, * 2 (6th Cir. Sept. 25, 2000)); *Cable*, 2010 WL 502722 at * 5. This District Court follows the Sixth Circuit's opinion in *Nelloms,* 129 Fed. Appx. at 936-37, and declines to expand the definition of what constitutes a miscarriage of justice beyond the narrow actual innocence exception based on new reliable evidence carved out by the Supreme Court in *Schlup*, 513 U.S. at 316, 322. *See Cable*, 2010 WL 502722 at * 5.

### B. <u>Second Objection</u>

Finally, Robinson objects to the Magistrate Judge's recommendation that a certificate of appealablity be denied pursuant to 28 U.S.C. § 2253(c)(2). Robinson argues that under the standard established in *Slack*, 529 U.S. at 484, at the very least reasonable jurists could find it debatable whether he is entitled to habeas relief under 28 U.S.C. § 2254.

This second objection fails. The Court agrees with the report and recommendation that a certificate of appealablity should not be issued in this case pursuant to 28 U.S.C. § 2253(c)(2). For the reasons expressed both in the Magistrate Judge's report and recommendation and in this memorandum, the Court has determined that reasonable jurists could not find it debatable whether the habeas petition is properly denied and dismissed on the ground that it is time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A). *Slack*, 529 U.S. at 484. Robinson's arguments to the contrary predicated on the miscarriage of justice exception are entirely without merit.

### III. <u>Conclusion</u>

Accordingly, Robinson's objections to the report and recommendation [Doc. No. 11] are

**DENIED**. The Court **ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b). The habeas petition brought under 28 U.S.C. § 2254 shall be **DENIED and DISMISSED WITH PREJUDICE** on the ground that it is time-barred by the statute of limitations provided in 28 U.S.C. § 2244(d)(1)(A).

If Robinson files a notice of appeal to the Sixth Circuit Court of Appeals, it shall be treated as an application for a certificate of appealability which is **DENIED**. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). Reasonable jurists could not find it debatable whether the habeas petition has been properly dismissed with prejudice on the ground that it is time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A). *Slack*, 529 U.S. at 484.

For the same reasons that the Court dismisses the habeas petition as time-barred by the statute of limitations, the Court finds there is no good-faith basis for an appeal from this decision. The Court will certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a) that any appeal from this decision by petitioner Robinson would be frivolous and not taken in good faith.

A separate judgment will enter.

SO ORDERED.

Dated: December 6, 2011.

                         */s/ R. Allan Edgar*
                         R. ALLAN EDGAR
                         UNITED STATES DISTRICT JUDGE